The Volunteers of America, Appellee, v. Daniel A. Peirce et al.

On Appeal of Maria L. Cox et al., Appellants.

Gen. No. 19,354.   (Not to be reported in full.)

Same v. Same.   On Appeal of Michigan Anti-Saloon League, Appellant.

Gen. No. 19,306.   (Not to be reported in full.)

Same v. Same.   On Appeal of The Buchanan Anti-Saloon League of Buchanan, Michigan.

Gen. No. 19,332.   (Not to be reported in full.)

Appeals from the Superior Court of Cook county; the Hon. RICH-ARD E. BURKE, Judge, presiding. Heard in this court at the March term, 1913. Reversed and remanded. Opinion filed June 29, 1914. *Certiorari* allowed by Supreme Court.

## Statement of the Case.

Bill filed by The Volunteers of America against Daniel A. Peirce, executor and trustee under the will of Sarah A. Hawley, Illinois Humane Society of the city of Chicago, Home of the Friendless, Old People's Home of the city of Chicago, Buchanan Anti-Saloon League, Young Men's Christian Association of the city of Chicago, Young Men's Christian Association of Buchanan, Michigan and Albert F. Peacock and others to compel the executor to account to the complainant for an amount claimed to be due it under the residuary bequest in the will of Sarah A. Hawley.

The residuary bequest was as follows:

"I hereby give, devise and bequeath all the rest, residue and remainder of my estate of every name and nature whatsoever, that I may die possessed of, or be entitled to at the time of my death, to my executor and trustee, hereinafter named, in trust for the following named institutions, societies or organizations, viz:

The Illinois Humane Society of the City of Chicago in said County of Cook and State of Illinois.

The Old People's Home, now situated at or near the corner of Indiana avenue and Thirty-ninth street in the City of Chicago, in the County of Cook and State of Illinois.

The Volunteers of America, now located at 184 Dearborn street, in said City of Chicago.

The Home of the Friendless, now located at Vincennes avenue and Fifty-first street, in the City of Chicago, County of Cook and State of Illinois.

The Buchanan Anti-Saloon League of said Buchanan, Michigan.

The Young Men's Christian Association of said Buchanan, Michigan, if there shall be in existence at the time of my death in said Buchanan, Michigan, an organization of that name.  If there shall not be an organization of the name in existence in said Buchanan at the time of my death, then to the Young Men's Christian Association of said City of Chicago, to be divided equally among said above named institutions, societies or organizations, it being my intention that each one of the same shall receive an equal share of the residue of my estate.''

After the filing of answers and cross-bills by the respective defendants, the complainant by leave of court amended its original bill setting up that the Buchanan Anti-Saloon League was not legally qualified to take under the will, and asserted that by reason thereof the remaining beneficiaries of the residuary estate were each entitled to receive an equal one-fifth share of the trust fund instead of one-sixth, which would be the share had there been six charitable organizations capable of sharing equally in the fund.

The court decreed that the Anti-Saloon League had no competent existence to take under the will and that the shares of the other beneficiaries were proportionately increased thereby.  From the decree Maria L. Cox, jointly with others who were heirs at law and next of kin of Sarah A. Hawley and the Anti-Saloon League, prayed and were allowed separate appeals, which are heard together.

JOHN S. STEVENS, for appellants Maria L. Cox et al.

WILLIAM A. BARNES, for appellant Buchanan Anti-Saloon League.

JONAS O. HOOVER, for appellant Michigan Anti-Saloon League.

JAMES J. BARBOUR, SHORTALL & MURISON, THOMAS TAYLOR, JR., BAYLEY & WEBSTER, HOLT, CUTTING & SIDLEY, BENTLEY, BURLING & SWAN and PRESTON KUMLER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. CHARITIES, § 15*—*when bequest is for charitable purpose.* A bequest to an anti-saloon league for the promotion and prosecution of anti-saloon work, *held* to be for a charitable purpose.

2. CHARITIES, § 22*—*construction of bequest.* A bequest for a charity should be favored by the courts and liberally construed.

3. CHARITIES, § 24*—*when association has competent existence to receive bequest.* An anti-saloon league, though an unincorporated voluntary association, *held* to have a competent legal existence so as to be capable of taking a charitable bequest, though at the time of the death of the testator it had no by-laws, no officer or trustee and no roll of members, it appearing that the association opened a bank account and did business as an anti-saloon league and was so known, and there was no reasonable doubt that the testatrix intended the bequest for it.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.